**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 249203]
ak@kazlg.com
245 Fischer Ave, Ste. D
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Ahren A. Tiller [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste. 1100
San Diego, CA 92101
Phone (619) 894-8831
Fax (866) 444-7026
ahren.tiller@blc-sd.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

(NORTHERN DIVISION)

| | |
|---|---|
| MARTIN GARCIA NUNEZ JR., on behalf of himself and all those similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE HAIR GROWTH COMPANY LLC<br><br>Defendant, | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *ET. SEQ.*)**<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT FOR DAMAGES</u>**

**INTRODUCTION**

1. MARTIN GARCIA NUNEZ JR. ("Plaintiff") brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful actions of THE HAIR GROWTH COMPANY LLC

("Defendant") and its related entities, subsidiaries and agents, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, as well as those similarly situated individuals, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent unsolicited text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

4. Additionally, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1). The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

5. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

6. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular: [A] consumer's written consent to receive telemarketing robocalls must be signed and

be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

7. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 951 – 52 (9th Cir. 2009).

8. Defendant is vicariously liable for the actions of any third party they may have hired to market their services. See *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

9. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

10. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

**JURISDICTION AND VENUE**

11. This Court has federal question jurisdiction, because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

12. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b), because Plaintiff resides in this district, and the events giving rise to Plaintiff's causes of action against Defendant occurred within this district.

**PARTIES**

13. Plaintiff is, and at all times relevant hereto was, an individual citizen and resident of the County of Santa Barbara, State of California.
14. Defendant is, and all times relevant hereto was, a Maryland Limited Liability Company whose principal place of business is located in Reisterstown, MD, and at all times relevant hereto was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

15. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
16. Plaintiff has been on the national Do-Not-Call-Registry since at least March 6, 2008.
17. Plaintiff never requested the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.
18. On July 11, 2025, Defendant sent Plaintiff an unsolicited text message stating "FLASHSALE! Save 50%+ - 24 hrs ONLY!":



19. On July 13, 2025, Plaintiff sent Defendant an unsolicited text message stating "1 Hour Left! Take 50%+ OFF EVERYTHING! You have a SPECIAL coupon code." A photograph of the text is listed below:




20. Plaintiff did not consent to, request, or seek to be contacted by Defendant regarding marketing for Defendant's business.

21. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

22. Defendant's text messages forced Plaintiff and the other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted text messages, causing a nuisance and lost time.

23. The telephone numbers Defendant sent unsolicited text messages to were assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

24. The text messages sent by Defendant to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Prior to filing suit, Plaintiff sent a letter to Defendant requesting any information regarding the authority Defendant alleged for sending the unsolicited text messages described herein. In response, Defendant did not provide any do-not-call list or

registry verification information.

26. Defendant did not offer Plaintiff any informative information in the unsolicited text messages made each and every text message with the explicit purpose of soliciting Plaintiff for marketing Defendant's business.

## CLASS ACTION ALLEGATIONS

27. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

28. Plaintiff brings this action on behalf of herself and on behalf of and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

29. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who were on the National Do-Not-Call registry who received any unsolicited text messages from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, within the four years prior to the date of the filing of this Complaint.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited marketing text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiff and the Class members

were damaged thereby.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

34. The Class can be identified through Defendant's records or Defendant's agents' records.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant or its agent(s) placed any unsolicited marketing text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to any telephone number assigned to a cellular telephone service;

   b. Whether the unsolicited text messages required prior express written consent;

   c. Whether Defendant sent the unsolicited text messages to the Class despite the Class Members being on the National Do-Not-Call registry;

   d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

36. As a person that received at least one unsolicited marketing text message to his cell phone without Plaintiff's prior express written consent, Plaintiff is asserting claims

that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

37. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

38. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against the Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

///

///

///

///

///

## I.

## FIRST CAUSE OF ACTION

## NEGIGENT AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

(47 U.S.C. § 227 *et. seq.*.)

41. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
42. Defendant's repeated text messages to Plaintiff's cellular phone without any prior express consent, despite being on the national do-not-call registry, constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.
43. As a result of Defendant's negligent violations of 47 U.S.C. §227, *et. seq*., Plaintiff and the class members are entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
44. Defendant's conduct described herein is alternatively a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227, *et. seq*., and Plaintiff and the class members are entitled to an award of $1,500 in statutory damages for every one of Defendant's knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(C).
45. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

a. $500 in statutory damages for each and every one of Defendant's negligent violations pursuant to 47 U.S.C. §227(c)(5)(B).; and $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful

violations pursuant to 47 U.S.C. § 227(c)(5)(C)*;*

b. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(C);

c. Costs of suit and Attorneys' fees, pursuant to, *inter alia*, the common fund doctrine.

d. Any other relief the Court may deem just and proper.

Dated: September 10, 2025,

Respectfully Submitted,

by: *<u>/s/ Ahren A. Tiller, Esq.</u>*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorney(s) for Plaintiff and all those similarly situated.

Additional Counsel for Plaintiff:

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 249203]
ak@kazlg.com
245 Fischer Ave, Ste. D
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 10, 2025,

By: */s/ Ahren A. Tiller, Esq.*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorney(s) for Plaintiff and all those similarly situated.